UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMY TAKALA and JENNIFER WESCOTT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NORDSTROM, INC.,

Defendant.

Case No. 2:25-cv-01396-JHC

**JOINT STIPULATED MOTION & ORDER FOR STAY PENDING MEDIATION**

NOTE ON MOTION CALENDAR:
March 6, 2026

Plaintiffs Amy Takala and Jennifer Wescott (collectively, "Plaintiffs"), and Defendant Nordstrom, Inc. ("Defendant") (Plaintiffs and Defendant are collectively referred to as the "Parties"), by and through their undersigned attorneys of record, hereby jointly move the Court to stay this litigation pending the Parties' upcoming attempt to resolve the matter through private mediation. In support of this Joint Motion for Stay ("Motion"), the Parties state as follows:

1.      The original claimants in this lawsuit filed their Complaint on July 24, 2025 under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiffs, who substituted for the original claimants, filed their First Amended Complaint ("FAC")

JOINT STIPULATED MOTION &
ORDER FOR STAY PENDING
MEDIATION - 1
(Case No. 2:25-cv-01396-JHC)

on October 10, 2025. Dkt. 18. In their FAC, Plaintiffs alleged that Defendant violated ERISA, breached its fiduciary duties, and committed prohibited transactions. *Id.*

2.      Defendant believes it has strong defenses in this lawsuit and filed a Motion to Dismiss on November 10, 2025. Dkt. 19. Plaintiffs opposed Defendant's Motion to Dismiss, which is now fully briefed and pending. Dkt. 24, 25.

3.      On November 14, 2025, the Parties filed a Joint Status Report. Dkt. 21. In the Joint Status Report, the Parties agreed that discovery and pretrial deadlines in this lawsuit would be set after the Court rules on Defendant's pending Motion to Dismiss. *Id.* The Court has not yet ruled on Defendant's Motion to Dismiss or set any discovery or pretrial deadlines in this lawsuit.

4.      In the meantime, the Parties have begun to discuss the possibility of an early resolution of this matter through mediation. The Parties respectfully submit that there is good cause to stay the litigation pending mediation because it would be the best use of the Parties' and the Court's resources. If the litigation were stayed, the Parties would be able to focus their time and energy on preparing for mediation and working towards an amicable resolution of this lawsuit, and the Court would not be required to rule on Defendant's Motion to Dismiss. Allowing Defendant to preserve its resources at this early stage in the litigation also increases the likelihood of a settlement.

5.      Furthermore, should the litigation settle at this early juncture, then the Court would not be required to spend years presiding over a complex ERISA class action. *See, e.g.*, *Tussey v. ABB Inc.*, No. 06 CV 04305 (W.D. Mo.) (settling after thirteen years of litigation, including multiple appeals to Eighth Circuit); *In re SunTrust Banks, Inc. 401(k) Plan Affiliated Funds ERISA Litig.*, No. 11 cv 784 (N.D. Ga.) (settling after nine years of litigation and appeal); *Brotherston v. Putnam Investments, LLC*, No. 15 cv 13825 (D. Mass.) (notice of settlement filed five years after litigation was filed, trial was held, and First Circuit reversed in part district court's rulings and remanded for further litigation); *Ramos v. Banner Health*, No. 15 CV 2556 (D. Colo.) (holding trial in January 2020, over four years after litigation was filed); *Sims v. BB&T Corp.*, No. 15 cv 732 (M.D.N.C.) (settling on the eve of trial after over three years of litigation).

JOINT STIPULATED MOTION &
ORDER FOR STAY PENDING
MEDIATION - 2
(Case No. 2:25-cv-01396-JHC)

6. Courts regularly stay ERISA class actions to allow parties to engage in settlement negotiations. *See, e.g.*, *Stevens v. SEI Invs. Co.*, Order, No. 18 cv 4205 (E.D. Pa. Jan. 14, 2019), ECF No. 35 ("[I]t is hereby ORDERED that . . . this matter is STAYED until further Order of this Court" in light of parties decision to mediate.); *In re SunTrust Banks, Inc 401(k) Plan Affiliated Funds ERISA Litig.*, Order Granting Joint Motion for Referral to Mediation and Stay of Proceedings Pending Mediation, No. 11 cv 784 (N.D. Ga. Nov. 12, 2019), ECF No. 284 ("All proceedings and deadlines in this case are STAYED until the Court resets any remaining deadlines for the case following receipt of the Parties' mediation status report."); *Lechner v. Mutual of Omaha Ins. Co.*, Order, No. 18 cv 22 (D. Neb. Oct. 6, 2019), ECF No. 86 ("The parties have scheduled mediation to be held in January of 2020. . . . All deadlines in this case are [thus] stayed pending further order of the court.").

7. The Parties bring this Motion in good faith and not for purposes of delay. Rather, the Parties believe that both sides—and the Court—will be well served by a temporary stay to allow the Parties to mediate this matter.

8. The Parties are in the process of agreeing on a mediator and scheduling a mediation. Pending the mediator's availability, the Parties are confident that they will be able to mediate this matter within the next five months. Accordingly, the Parties propose that they submit a joint status report to the Court reporting on the outcome of any mediation by July 31, 2026.

WHEREFORE, the Parties jointly request that the Court stay this litigation pending the Parties' attempt to resolve this lawsuit through private mediation and order the Parties to submit a status report by July 31, 2026 reporting on the outcome of the mediation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

AGREED and STIPULATED this 6th day of March, 2026.

**LAW OFFICES OF DAVID B.
RICHARDSON, P.S.**

By: *s/ David B. Richardson*
David B. Richardson, WSBA #21991
3829 S. Edmunds St., Suite C.
Seattle, WA 98118
Phone: (425) 646-9801
Email: david@dbrlaw.com

**SIRI & GLIMSTAD LLP**
Oren Faircloth (*pro hac vice*)
745 Fifth Avenue, Suite 500
New York, New York 10151
Phone: (212) 532-1091
Email: ofaircloth@sirillp.com

*Attorneys for Plaintiffs and Proposed
Class*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Marisa L. Berlinger*
Marisa L. Berlinger, WSBA #58991
Yara AlHowar, WSBA #58693
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email:  marisa.berlinger@morganlewis.com
          yara.alhowar@morganlewis.com

Deborah S. Davidson (*pro hac vice*)
110 North Wacker Drive
Chicago, IL 60606
Phone: (312) 324-1159
Email: deborah.davidson@morganlewis.com

Dylan D. Rudolph (*pro hac vice*)
1400 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 843-7276
Email: dylan.rudolph@morganlewis.com

*Attorneys for Defendant Nordstrom, Inc.*

JOINT STIPULATED MOTION &
ORDER FOR STAY PENDING
MEDIATION - 4
(Case No. 2:25-cv-01396-JHC)

## ORDER

The Court, having considered the Parties' Joint Motion to Stay, hereby ORDERS that the Parties' Joint Motion to Stay is GRANTED as follows:

This lawsuit is STAYED pending the Parties' attempt to resolve this matter through private mediation. The Parties shall submit a joint status report to the Court by July 31, 2026 reporting on the outcome of the mediation.

The Court DIRECTS the Clerk to terminate the motion at Dkt. # 19. If appropriate, after the stay is lifted, Defendant may ask the Court to re-note the motion.

IT IS SO ORDERED.

DATED this 6th of March, 2026.

John H. Chun
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

JOINT STIPULATED MOTION &
ORDER FOR STAY PENDING
MEDIATION - 5
(Case No. 2:25-cv-01396-JHC)