**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

AMY TAKALA *and* JENNIFER WESCOTT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

NORDSTROM, INC.,

Defendant.

**Civil Action No.: 2:25-cv-1396-JHC**

Judge John H. Chun

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

Currently before the Court for preliminary approval is a Settlement (the "Settlement") of this class action (the "Action") wherein Class Representatives Amy Takala and Jennifer Wescott (the "Class Representatives") have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), against Nordstrom, Inc. ("Defendant"). Dkt. #33. The claims concern Defendant's Wellness Program, the imposition and administration of tobacco or nicotine surcharges, alleged deficiencies in notice of a reasonable alternative standard, the alleged failure to provide the full reward required by applicable law, and alleged breaches of fiduciary duties.

The terms of the Settlement are set out in a Settlement Agreement executed on September 14, 2026 (the "Agreement"), which has been signed by the Class Representatives and Class Counsel on behalf of the proposed Settlement Class and by Defendant and its Counsel. The Class Representatives and Defendant are referred to herein collectively as the "Parties." Capitalized

terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Agreement. The "Settlement Class" is defined in this Order below.

Having considered Plaintiffs' Motion for Preliminary Approval of Proposed Settlement (Dkt. # 33) and the Agreement attached thereto in order to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

**JURISDICTION.** The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

**CLASS FINDINGS.** The Court preliminarily finds, for purposes of the Settlement only, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

(a) the Settlement Class is ascertainable from records kept with respect to Defendant's Plan (the "Plan") and from other objective criteria, and the Settlement Class is so numerous that joinder before the Court would be impracticable;

(b) Based on allegations in Plaintiffs' Complaint (the "Complaint"), the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) Based on allegations in the Complaint, the Court preliminarily finds that the claims of the Class Representatives are typical of the claims of the Settlement Class.

(d) The Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representatives and the nature of their alleged claims are consistent with those of the Settlement Class; (ii) there are no significant conflicts between or among the Class Representatives and the Settlement Class; and (iii) the Class

Representatives are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

(e) The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Class Members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Class Members that would, as a practical matter, be dispositive of the interests of the other members not parties to the Action, or would substantially impair or impede those persons' ability to protect their interests.

**CLASS CERTIFICATION.** Based on the findings set out above, the Court PRELIMINARILY CERTIFIES the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (the "Settlement Class"), including all individuals satisfying the criteria below:

(a) The individual resides in the United States;

(b) The individual paid a tobacco or nicotine surcharge in connection with participation in Defendant's Health Welfare Benefit Plan, whether for the individual and/or a dependent, including a covered spouse or covered domestic partner, during the Class Period;

The Class Period is July 24, 2019 through the date of entry of the Preliminary Approval Order.

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).

As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in

this Action; (iii) Class Counsel's knowledge of the applicable law, and in particular its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the Settlement Class.

Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court preliminarily designates Siri & Glimstad LLP as Class Counsel with respect to the Settlement Class in this Action. As indicated above, the Court finds that the Class Representatives are adequate and typical representatives for the Settlement Class for settlement purposes and, therefore, hereby appoints Kelly Rogers, Kathryn Deisinger O'Flaherty, and Wyndham Hasler as the representatives of the Settlement Class for settlement purposes. The Court having determined preliminarily that this Action may proceed as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**PRELIMINARY APPROVAL OF SETTLEMENT.** The Settlement documented in the Agreement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendant's compliance with ERISA and the administration of the Wellness Program; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement, evidenced by the Agreement, is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**PLAN OF ALLOCATION.** The Court preliminarily finds that the proposed Plan of Allocation is fair, reasonable, and adequate.

**FINAL APPROVAL HEARING.** A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED to be held before the Court on Wednesday, February 17, 2027, at 9:00 a.m. at the United States Courthouse, 700 Stewart Street, Seattle, Washington 98101, to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate; (b) whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and should be finally certified as preliminarily found by the Court; (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement; (d) whether the Final Approval Order attached to the Agreement should be entered and whether the Released Parties should be released of and from the Released Claims, as provided in the Agreement; (e) whether the notice and notice methodology implemented pursuant to the Agreement were reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing, were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice, and met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law; (f) whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Settlement Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court; and (g) whether the proposed Plan of Allocation of the Net Settlement Amount is fair, reasonable, and adequate and should be approved by the Court;

(h) whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether the Class Representatives have acted independently,

whether their interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiation and consummation of the Settlement by the Class Representatives on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies; (i) whether the application for attorneys' fees and costs to be filed by Class Counsel should be approved; (j) whether Case Contribution Awards of up to $7,500 per Class Representative should be awarded; and (k) any other issues necessary for approval of the Settlement.

**CLASS NOTICE.** The Parties have presented to the Court a proposed Class Notice, which is appended to the Agreement as Exhibit A. The Court APPROVES the form and content of the Settlement Notice, finding that it fairly and adequately: (1) describes the terms and effect of the Agreement and the Settlement; (2) gives notice to the Settlement Class of the time and place of the Final Approval Hearing; and (3) describes how recipients of the Settlement Notice may object to approval of the Settlement. The Parties have proposed sending the Settlement Notice to Class Members via email and/or U.S. Mail, and the Court finds that the proposed manner is adequate.

By no later than sixty (60) calendar days before the Final Approval Hearing, the Settlement Administrator shall cause the Settlement Notice, with such non-substantive modifications as may be agreed upon by the Parties, to be disseminated via email and/or U.S. Mail to the last known address or email address of each member of the Settlement Class who can be identified by reasonable effort. At or before the Final Approval Hearing, Class Counsel shall file with the Court proof of timely compliance with this mailing and email requirement.

**OBJECTIONS TO SETTLEMENT.** "Objector" shall mean any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the

Settlement, to the Plan of Allocation, to any term of the Agreement, to the proposed Case Contribution Awards, or to the proposed award of attorneys' fees and costs.

Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each objection, including any legal support or evidence that the Objector wishes to bring to the Court's attention or introduce in support of the objection. Any objection must be signed by the Settlement Class member. The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties as stated below. The addresses for filing objections with the Court and service on counsel are:

| **COURT OF CLERK** | **PLAINTIFFS' COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|---|
| United States District Court for the District of Washington<br>Seattle Division<br>700 Stewart Street, Suite 2310<br>Seattle, WA 98101 | Oren Faircloth<br>William H. Payne, IV<br>Siri & Glimstad LLP<br>100 Pearl Street, 14th Floor<br>#16946876<br>Hartford, CT 06103 | **Dylan Rudolph**<br>Morgan Lewis Bockius<br>1400 Page Mill Rd<br>Palo Alto, CA 94304 |

The Objector, or, if represented by counsel, the Objector's counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least twenty-eight (28) calendar days prior to the Final Approval Hearing. Any Settlement Class member or other person who does not timely file and serve a written objection complying with this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

**APPEARANCE AT FINAL APPROVAL HEARING.** An Objector who files and serves a timely written objection in accordance with the paragraph above may also appear at the Final Approval Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must effect service of a "Notice

of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector and, if applicable, the Objector's attorney. The Notice of Intention to Appear must be filed with the Court and provided to Class Counsel and Defendant's Counsel at least twenty-eight (28) calendar days prior to the Final Approval Hearing. Any Objector who does not timely file and serve a Notice of Intention to Appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of all Objections and Notices of Intention to Appear that come into their possession.

**RESPONSE TO OBJECTORS.** The Parties shall respond to any Objector not later than five (5) business days before the Final Approval Hearing.

**COMPLIANCE WITH CLASS ACTION FAIRNESS ACT.** Defendant shall, on or before ten (10) calendar days prior to the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715.

**NOTICE EXPENSES.** Reasonable expenses of effectuating Class Notice shall be paid out of the Gross Settlement Amount from the Qualified Settlement Fund.

**FEES AND EXPENSES INCURRED BY THE INDEPENDENT FIDUCIARY AND SETTLEMENT ADMINISTRATOR.** The Court understands that Defendant has retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. The fees and expenses incurred by the Independent Fiduciary, including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary, in the course of evaluating and authorizing the Settlement on behalf of the Plan, shall be paid out of the Gross Settlement Amount from the Qualified Settlement Fund in accordance with the Agreement. No dollar cap is included

in this Order. The expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Qualified Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of the Settlement Administrator, shall also be paid out of the Gross Settlement Amount.

**APPLICATION FOR ATTORNEYS' FEES.** Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for Case Contribution Awards for the Class Representatives, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least forty-five (45) calendar days prior to the Final Approval Hearing.

**MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION.** Class Counsel shall file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation at least forty-five (45) calendar days prior to the Final Approval Hearing.

**INJUNCTION.** Pending final determination of whether the Settlement should be approved, the Class Representatives, all Class Members, including their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, predecessors, successors, and assigns, and the Plan are each hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any Released Claim against any of the Released Parties.

**TERMINATION OF SETTLEMENT.** If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order and all class findings herein shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order. Any return of remaining

Qualified Settlement Fund amounts shall be governed by Section 12.2 of the Settlement Agreement.

**USE OF ORDER.** In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**CONTINUANCE OF FINAL APPROVAL HEARING.** The Court reserves the right to continue the Final Approval Hearing, or to hold the Final Approval Hearing by remote means, without further written notice.

**SO ORDERED** this 19th day of October, 2026.

John H. Chun

John H. Chun
United States District Judge